# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OT TENNESSEE
# EASTERN DIVISION

**CARLYLE PERRY**, *individually*

    Plaintiff,

        v.                       NO. _____

**BONGUARDS' SOUTH, LLC**

                                      **JURY DEMANDED**

    Defendant.

## ORIGINAL COMPLAINT

Plaintiff Carlyle Perry ("Plaintiff"), an individual, brings this Fair Labor Standards Act ("FLSA") Action against Bonguards' South, LLC ("Defendant") and states as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as an Action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff.

### II. JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff worked for Defendant in this district during all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged, and continues to engage, in the FLSA violations alleged herein in this district during all times material to this cause.

### III. PARTIES

4. Defendant Bonguards' South LLC., is a Minnesota Corporation with its principal offices located at 250 Lake Drive East, Chanhassen, MN 55317. Its agent for service of process is National Registered Agents, 300 Montvue Rd. Knoxville, TN 3919-5546.

5. Plaintiff Carlyle Perry was employed by Defendant as an hourly-paid production employee at Defendant's processing facility in Humboldt, Tennessee from August of 2020 until October of 2022.

## IV.   COVERAGE

6. Plaintiff has been an "employee" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Complaint.

7. Defendant has been the "employer" of the Plaintiff within the meaning of 29 U.S.C. § 203(d), during all times relevant to this complaint.

8. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Action.

9. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

## V.   FACTS

10. Defendant processes cheese at a facility in Humboldt, Tennessee, the facility in which Plaintiff was employed by Defendant.

11. At all times material to this action, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff.

12. Defendant has common practice of requiring, inducing, expecting, encouraging, and/or suffering and permitting, Plaintiff to perform work "off the clock" prior to the beginning of his scheduled shifts without compensating him for such compensable time, either by failing to record such work time into its time keeping system or "editing-out" such compensable time from its time keeping system.

13. Plaintiff performed pre-shift "off the clock" work within weekly pay periods during all times material without being compensated for such work time at the applicable FLSA overtime rates of pay.

14. Considering that Plaintiff typically worked forty (40) or more hours of scheduled work per week, the aforementioned "off the clock" time should be paid as compensable overtime within weekly pay periods in which he performed such "off the clock" work.

15. Defendant is aware it was not compensating Plaintiff for the time he performed such "off-the-clock" work.

16. Defendant failed to "edit-in" to its timekeeping system or compensate Plaintiff for the time he performed such "off the clock" work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

17. Defendant's practice of not compensating Plaintiff for all his compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

18. Defendant's failure to compensate Plaintiff for such unpaid "off the clock" overtime was willful with reckless disregard to the FLSA overtime compensation requirements and,

without a good faith basis.

19. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff in compliance with the requirements of the FLSA, Plaintiff has suffered lost wages in terms of lost overtime compensation as well as other damages.

20. The net effect of Defendant's common practice of failing to pay Plaintiff one-and one-half times his regular hourly rates of pay for all overtime hours worked within weekly pay periods during all times material to this Action, was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiff.

## COUNT I
### (Violation of the Fair Labor Standards Act)

21. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

22. Defendant failed to pay Plaintiff for all overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay period during all times material to this Action, as previously described.

23. Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff at least the applicable FLSA overtime compensation rate of pay for hours over 40 per week, within weekly pay periods during all times material to this action.

24. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

25. Defendant's conduct was without a good faith basis.

26. As a result, it has violated the FLSA, 29 U.S.C. § 255(a).

27. Plaintiff is entitled, and hereby seeks, to recover from Defendant compensation for unpaid overtime compensation, an additional equal amount as liquidated damages, as well as

interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREAS, Plaintiff, requests this Court to grant the following relief against Defendant:

A. An award of compensation for unpaid overtime wages to Plaintiff;

B. An award of liquidated damages to Plaintiff;

C. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff;

E. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

F. Such other general and specific relief as this Court deems just and proper.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: December 1, 2023.                    Respectfully Submitted,

*/s/J.Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Gordon E. Jackson (TN BPR #8323)
James L. Holt, Jr. (TN BRP #12123)
J. Joseph Leatherwood IV (TN BPR#39490)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***